## Case No. 11,888.

### ROBERDEAU v. ROBERDEAU.

[1 Cranch, C. C. 305.] [1]

Circuit Court, District of Columbia. March Term, 1806.

WILLS—SALE OF LANDS—EXECUTORS—COMMISSIONS.

1. The testator having bequeathed a certain annual allowance to his three younger children, to be paid out of the rents of his real estate, and having by his will disposed of all his property except the reversion of certain land, directs his executors, in case the rents should not be sufficient to pay the allowance, to adopt some mode for raising the deficiency out of the other parts of the estate not devised to his wife, *held*, that the executors had, thereby, power to sell the reversion of the lands.

2. The widow is to bear her proportion of the executors' commissions.

In equity.

CRANCH, Chief Judge. The questions submitted to the court in this case, and upon which it is necessary to decide, before a final decree can be made with propriety, are: (1) Is the real estate of the testator liable to the payment of the annuities given by the will to the three younger children? (2) Whether the executors' commissions are to be a charge against the general estate, so as eventually to form a charge against the residuum after payment of the debts, specific legacies, and the widow's dower and thirds, or whether the specific legacies and dower are to bear their proportion of that expense.

1. Whether the real estate is liable for the annuities to the younger children. This question depends upon the construction of the will. The testator first directs his debts to be paid, and for that purpose empowers his executors to sell Pennsylvania lands on the waters of the Ohio, his shares in the Potomac Company, and his unimproved ground below the bank, in the town of Alexandria. He then bequeathes to his wife his household and kitchen furniture, and devises to her, for life, his dwelling-house and lot, and by a codicil, a child's share in fee-simple in the residuum of his real estate. The will then proceeds in these words: "Item. I do order and direct, that my executors do, out of the rents of my estate, allot and appropriate the sum of £70, annually, to each of my three younger children, namely, Jane, James, and Harriet, for their education and maintenance, which sums are to be respectively paid unto Jane and Harriet, until they arrive to the age of eighteen, and unto James until he arrives at the age of twenty-one

[1] [Reported by Hon. William Cranch, Chief Judge.]

years; and as my said children severally attain the age aforesaid, I direct that the aforesaid annual allowance of £70 shall cease. And I do further direct, that if the rent at present arising from my estate, shall not, from any accident, be sufficient to answer the aforesaid allowance to my three children before mentioned, that my executors do adopt some mode for raising any deficiency, out of the other parts of my estate not hereby devised to my said wife. Item. I give and devise all the rest of my real estate, not hereby in any manner before appropriated, unto my several children, Isaac, Ann, Mary, Selena, Jane, James, and Harriet, and to their heirs and assigns, to be equally divided among them." The testator then devises the reversion of the house and lot before devised to his wife for life, to his children, in fee, to be equally divided, &c. "Item. I give and devise to my said children, and to their heirs and assigns forever, to be equally divided between them, those parts of my said estate which have been hereby appropriated for raising the sums of money hereby directed to be appropriated for the education and support of my three younger children, namely, Jane, James, and Harriet, the said division to be made as those sums shall respectively cease to be paid." He then authorizes his executors to lease out the property devised to his wife, during her life, and pay the rents to her; and also to grant on ground-rent forever, during the minority of Jane, James and Harriet, such part of his unimproved grounds as, upon a division of his estate, should be allotted to them, reserving the rent to the child whose ground should be so granted. He then appoints his wife guardian of his three younger children, and nominates her and Colonel Simms his executors.

By a codicil, reciting that the rents of his lands granted to John Fitzgerald, and of a warehouse demised to Abraham Morehouse & Co., would amount to a greater annual sum than that which by his will he had appropriated to the education and maintenance of his younger children, he directs the surplus of those rents to be appropriated to the payment of his debts, and nominates Alexander Smith, executor, with the two others. Mr. Smith alone qualified as executor, and the widow renounced her right under the will, and betook herself to her dower and thirds.

The testator seems to have been persuaded that the rents of a part of his real estate would have been sufficient to raise the annuities as they should become payable; and in that case, and under that impression, he directed his executors to allot and appropriate a certain part of the rents for that purpose, intending thereby, as appears from the subsequent expressions of the will, that his executors should designate what part of his estate should stand specifically charged with those annuities, and that the residue

of his estate (except what he had devised for payment of his debts, and also except what he had devised to his wife,) should be immediately divided, during the minority of his younger children. And that those parts of his estate which should have been allotted and appropriated by his executors to answer the annuities should be divided as the annuities respectively ceased. The whole of this arrangement depended upon the event that a part only of the rents of his real estate would have been sufficient to raise the annuities. But he also contemplated and provided against the possibility of a different state of things, viz., that the rents of all his real estate (not devised to his wife and not devised for the payment of his debts) might not be sufficient to raise the annuities for the younger children. In this event he declared his will to be that his executors should adopt some mode for raising any deficiency out of the other parts of his estate not devised to his wife, giving them thereby an unlimited authority, and demonstrating his intention to be, that the annuities should be paid at all events, and that the deficiency should be raised out of the other parts of his estate not devised to his wife. Words cannot be stronger to show an intention to charge such other parts of his estate with the payment of such deficiency. The question arises, what other parts? Other than what? Other than the rents of his estate not devised to his wife; for the case contemplated all those rents to be exhausted. These other parts could not be the household and kitchen furniture, for they were specifically bequeathed to his wife, and he has excepted them from the burden of the annuities. It could not mean the personal estate, because that was the proper fund for the payment of his debts, and was contemplated by him as insufficient for that purpose, as appears by his devising certain parts of his real estate for the payment of debts, in aid of his personal estate. The parts of his estate, other than the rents of his estate, must therefore have been the land itself, the fee-simple, the reversion. A power to raise the deficiency out of the land itself or out of the fee-simple, or out of the reversion, must have been a power to mortgage, or to sell.

It does not appear in this cause, that at any time since the testator's death, the rents of his estate, clear of his wife's prior claim, have been sufficient to answer the annuities. If the fact is that they have not been sufficient, then all those provisions of the will which were predicated upon their sufficiency, failed of effect; and the other provisions of the will, which were predicated upon the insufficiency of the rents, came into operation. It appears, by the account taken by the commissioners under the order of this court, that the rents of the estate, (clear of the widow's claim,) received by the executors,

have proved insufficient to answer the annuities; and there is no fraud or negligence charged upon the executor. Fraud or negligence are not to be presumed without evidence. If the insufficiency happened neither by fraud nor negligence, it must have been by accident. The court, therefore, must consider the case to be that the rents of the testator's estate were, by accident, not sufficient to answer the annuities, in which case, as has been before stated, the executors had the power to raise the deficiency by sale or mortgage of the reversion of the estate or of some part of it. They have not done so, and the residuary legatees among whom the division has been made, derive the whole benefit of the estate, which the executors might have sold or mortgaged. They have gained, therefore, what the younger children (the specific legatees) have lost; contrary to the maxim in equity, "Nemo debet locupletari aliena jactura." The true construction of the will is, that, in the first place, the rents of the estate, clear of the widow's claim, were to be applied to the discharge of the annuities, and if the rents should not be sufficient, the reversion was liable.

The order of priority of the several parties having claims upon the testator's real estate under the will, is this: (1) First, the widow, who could not be deprived of her dower without her consent. (2) The creditors, so far as the real estate is, by the will, subjected to the payment of debts. (3) The specific legatees (the annuitants). (4) The residuary legatees (the seven children). There is no foundation for the idea that the annuity of either of the younger children is to cease upon a division of the estate during their minority. They are not bound to divide upon such terms; perhaps no division, during their minority, can absolutely bind them; but at all events the court is bound to see that such division shall not prejudice their rights. The division can only go to the satisfaction of so much of their annuities as is chargeable upon that portion of the estate which is allotted to them upon the division.

Upon the whole, therefore, the court is clearly of opinion that the deficiency, after applying the rents of the estate (clear of the widow's claim) towards the discharge of the annuities, is a charge upon the real estate, the land itself, and must be accounted for in equal proportions by the seven children, among whom that estate has been divided.

On the second point the court is of opinion, that the widow ought to pay her proportion of the executors' commissions.